IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL PHILLIPS | : | CIVIL ACTION |
| aka Lynch Delmar | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al | : | NO.   07-395 |

**ORDER**

AND NOW, this            day of                        , 2007, upon consideration of the

Petition for Writ of Habeas Corpus, the Commonwealth's Response, inclusive of all exhibits thereto,

the other documents filed by the parties, and after review of the Report and Recommendation of

United States Magistrate Judge Carol Sandra Moore Wells, it is hereby ORDERED that:

1.    The Report and Recommendation is APPROVED and ADOPTED;

2.    The Petition for Writ of Habeas Corpus is DISMISSED without an evidentiary
      hearing; and

3.    Petitioner has neither shown the denial of a constitutional right, nor established that
      reasonable jurists would disagree with this court's procedural disposition of his
      claims.  Consequently, a certificate of appealability is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

JOEL PHILLIPS                                    :      CIVIL ACTION
    aka Lynch Delmar          JUL 1 7 2007       :
    v.                                           :
                             MICHAEL E. KUNZ, Clerk
                             By_____ Dep. Clerk
LOUIS FOLINO, et al                              :      NO.   07-395

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                       July 16, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus, filed pursuant

to 28 U.S.C. § 2254. Joel Phillips ("Petitioner"), currently incarcerated at the State Correctional

Institution in Waynesburg, Pennsylvania, seeks habeas relief based on alleged ineffective assistance

of counsel and denial of the right to a direct appeal. The Honorable Eduardo C. Robreno referred

this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28

U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas

claims be DISMISSED without a hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

On March 26, 1998, Petitioner was arrested by Easton Police and charged with three drug

offenses. *Commonwealth v. Phillips*, No. 112 EDA 2006, slip op. at 1 (Pa. Super. Ct. Dec. 1, 2006)

("Super. Ct. PCRA op."). At the time of his arrest, Petitioner was a fugitive from Connecticut,

where he had been sentenced *in absentia* to nine years imprisonment for drug offenses. *Id.* at 1-2.

On April 15, 1999, after a jury trial in the Court of Common Pleas for Northampton County,

Petitioner was convicted of all three Pennsylvania drug charges. *Id.* at 2. On May 14, 1999, the trial

---

[1]The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition,
Petitioner's Brief concerning timeliness, inclusive of all exhibits thereto, the Commonwealth's Answer, inclusive of all
exhibits thereto, and the state court record.

court sentenced Petitioner to an aggregate term of incarceration of six years and eight months to fourteen years. *Id.* On May 20, 1999, Petitioner filed a post-sentence motion, which was denied by operation of law on October 18, 1999. *Id.* Prior to this date, Petitioner had been transferred to Connecticut authorities so that he could begin serving his nine year sentence. *Id.* at 2 n.1. Petitioner did not file a direct appeal. *Id.* at 2.

On January 19, 2001, Petitioner filed a PCRA petition, by way of letter, and, on January 22, 2001, he filed a PCRA petition, on appropriate forms, with the trial court.[2] *Id.* The trial court appointed counsel and held an evidentiary hearing on November 1, 2005.[3] *Id.* On December 28, 2005, the court dismissed the PCRA petition as untimely. *Id.* On December 1, 2006, the Superior Court affirmed the trial court's decision. *Id.* at 6. Petitioner did not seek allowance of appeal in the Pennsylvania Supreme Court. Answer at 5.

The instant petition for federal habeas corpus relief, filed on January 26, 2007[4] alleges:

> Ground One - direct appellate counsel rendered ineffective assistance by failing to file a direct appeal; and

> Ground Two - denial of a direct appeal as a result of county prison officials giving custody of Petitioner over to Connecticut only days after Petitioner's post-sentence motion hearing was scheduled to occur.

Pet. at 9 (reverse). The Commonwealth, in answer to the petition, argues that Petitioner's claims are unexhausted and lack merit. Answer at 7-11. This court finds that Petitioner's claims are time-barred.

---

[2] PCRA refers to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46.

[3] The PCRA hearing was delayed until Petitioner was returned from Connecticut to Pennsylvania. *See Commonwealth v. Phillips*, No. 48 CR 1704-1998, slip op. at 3 (Northampton Co. Dec. 28, 2005).

[4] The Clerk of Court docketed the habeas petition on January 30, 2007. However, Petitioner is a *pro se* inmate, so his petition must be deemed filed on the date he gave it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the habeas petition on January 26, 2007. Pet. at 11. Absent any evidence to the contrary, the court will use this earlier date as the filing date.

-2-

The preceding procedural history suggested that the habeas petition might be time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, on May 23, 2007, the court ordered Petitioner to address the timeliness issue. *See* 28 U.S.C. § 2244(d); *Day v. McDonough,__* U.S. __, 126 S. Ct. 1675, 1684-85 (2006) (holding that district courts are allowed to raise *sua sponte* the issue of a habeas petition's timeliness, but should give the parties notice and an opportunity to address that issue). Petitioner filed his brief concerning timeliness on June 27, 2007. The court has reviewed the brief and finds that the habeas petition should be dismissed as time-barred.

## II. DISCUSSION

### A.    The AEDPA Period of Limitations

The AEDPA, enacted on April 24, 1996, imposes a one year period of limitations for habeas corpus petitions. The time period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined for each cognizable claim contained in the petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's starting date for the year commenced when his conviction became final on direct appeal on November 17, 1999, the date his ability to seek direct appellate review in the Pennsylvania Superior Court expired.[5] *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir. 1999); Pa. R. App. P. 903(a). Unless an alternative starting date applies, this is the date the habeas period of limitations began to run.

Petitioner's second claim implicates an alternative starting date based upon "state interference" as described in § 2244(d)(1)(B); however, in his brief, Petitioner concedes the legality of his transfer from Pennsylvania to Connecticut. *See* Brief to Show Cause Why Petition Should not be Dismissed as Time Barred ("Pet'r's Br.") at 8. Moreover, since Petitioner assented to his transfer to Connecticut by waiving extradition, *see Commonwealth v. Phillips,* No. 48 CR 1704-1998, slip op. at 5 (Northampton Co. Dec. 28, 2005) ("PCRA Ct. op."), Answer at Ex. C, the court finds that his transfer to Connecticut did not violate the federal constitution or any federal statute. Finally, Petitioner was not impeded in any way from filing by mail. No other alternative starting date applies, hence, Petitioner's one year for filing a timely habeas petition began on November 17, 1999. Clearly, Petitioner's January 26, 2007 habeas filing was untimely, unless a statutory or equitable tolling exception applies.

## B.   Statutory and Equitable Tolling

Once the starting date for Petitioner's claims has been determined, the court must consider statutory and equitable tolling of the habeas period of limitations. Statutory tolling is provided as follows: "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any

---

[5]Petitioner's time to file a direct appeal expired on November 17, 1999, thirty days after his post-sentence motion was denied by operation of law on October 18, 1999. *See* Pa. R. App. P. 903(a).

period of limitation under this section." 28 U.S.C. § 2244(d)(2).  A properly filed application for state collateral relief is one submitted in compliance with the applicable rules governing filings such as the form of the document, the time limits on filing, the court and office in which it must be filed and the requisite filing fees.[6] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Answering a question left open in *Artuz*, the Supreme Court has explained that, despite exceptions to the timely filing requirement, an untimely PCRA petition is not "properly filed" and cannot statutorily toll the federal habeas period of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005).

Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." *Merrit v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted).  The general requirements for equitable tolling are:  (1) the existence of extraordinary circumstances which have prevented Petitioner from asserting his rights, and (2) Petitioner's reasonable diligence in investigating and bringing his claims. *Id.*

## 1.    Statutory Tolling

Petitioner's PCRA petition was dismissed as untimely by the state courts, *see* Super. Ct. PCRA op. at 6, PCRA Ct. op. at 6; therefore, statutory tolling does not apply.[7] *Pace v. DiGuglielmo*, 544 U.S. at 413-17.  Moreover, even if timely, a PCRA petition, filed in January 2001, after Petitioner's AEDPA year had already expired on November 17, 2000, could not resurrect the expired AEDPA year.  Therefore, unless equitable tolling applies, this untimely habeas petition must be

---

[6]The Supreme Court declined to decide whether the existence of exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. *Artuz*, 531 U.S. at 8 n.2.  The Court subsequently decided the question in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[7]Petitioner maintains that it is "undisputed" that he filed a timely PCRA petition. Pet'r's Br. at 6.  However, the state courts found that the PCRA petition was untimely and this court must defer to that conclusion. *See Merrit v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003) (holding that the habeas court must defer to the state court's conclusion that a PCRA petition is untimely); *see also Estelle v. McGuire*, 501 U.S. 62, 67-68 (1991) (holding that the habeas court may not re-examine questions of state law).

dismissed.

## 2.    Equitable Tolling

Petitioner seeks to equitably toll the habeas period of limitations based on: (1) the failure of the state courts to recognize a document titled "PCRA" which he submitted to the District Attorney for Northampton County on October 30, 2000; (2) the delays caused by his incarceration in Connecticut; and (3) his asserted, reasonable diligence in attempting to file a timely PCRA petition. *See* Pet'r's Br. at 5-9. The court will also consider the effect of direct appellate counsel's failure to contact Petitioner after the denial of his post-sentence motion. For reasons that follow, the court declines to equitably toll the habeas period of limitations.

First, if this court were to equitably toll the habeas period of limitations from October 30, 2000 to December 31, 2006 - - the last day Petitioner could have sought allowance of appeal ("*allocatur*") after the Superior Court affirmed the dismissal of his PCRA petition, see Pa. R. App. P. 1113(a) - - the habeas petition would nevertheless, be untimely. By October 30, 2000, only 18 days of the AEDPA year remained. Although Petitioner did not seek *allocatur*, equitable tolling would continue until December 31, 2006, the expiration of his time to seek *allocatur*. At that point, the AEDPA year would begin to run again and would expire on January 18, 2007. This habeas petition, filed on January 26, 2007, was eight days too late.

Second, Petitioner is not entitled to equitable tolling based on direct appellate counsel's conduct. Direct appellate counsel's failure to contact Petitioner after the denial of his post-sentence motion was, at worst, negligent conduct that does not warrant equitable tolling. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (finding that attorney malfeasance, such as affirmatively lying to the client about having timely filed a pleading, rather than attorney error, is necessary to

establish the extraordinary circumstances required for equitable tolling).

Third, even if his incarceration in Connecticut could be viewed as an "extraordinary circumstance," *see Schlueter*, 384 F.3d at 75, Petitioner was not diligent in filing a PCRA petition. Petitioner learned from direct appellate counsel, Brian M. Monahan, on June 13, 2000 that his post-sentence motion had been denied by operation of law on October 18, 1999, that Mr. Monahan had not filed a direct appeal, because he could not contact Petitioner, and that Petitioner needed to allege Mr. Monahan's ineffective assistance in order to have a chance of having his direct appellate rights re-instated. Pet'r's Br. at Ex. A. Petitioner, thus, had five months to file a timely PCRA petition claim alleging Mr. Monahan's ineffectiveness, but failed to do so. No explanation for Petitioner's default has been offered, so, the court finds that Petitioner did not exercise reasonable diligence and, consequently, is not entitled to equitable tolling. *See Merrit*, 326 F.3d at 168 (requiring both extraordinary circumstances and reasonable diligence in order to equitably toll the habeas period of limitations).

## III. CONCLUSION

Petitioner's claims are time-barred and reasonable jurists would not debate the appropriateness of the court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 16th day of July, 2007, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Petitioner's claims be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

It be so **ORDERED**.

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

-8-