```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOEL PHILLIPS,                   :   CIVIL ACTION
                                 :   NO. 07-395
        Petitioner,              :
                                 :
     v.                          :
                                 :
LOUIS FOLINO ET AL.,             :
                                 :
        Respondents.             :
```

### O R D E R

**AND NOW**, this **4th** day of **February 2008**, upon consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells and petitioner's objections thereto, it is hereby **ORDERED** as follows:

    1. The Report and Recommendation (doc. no. 16) is **APPROVED** and **ADOPTED**;

    2. Petitioner's Objections to the Report and Recommendation (doc. nos. 17 & 19) are **OVERRULED**;[1]

---

[1] Petitioner objects to Judge Wells's conclusion that his petition is time-barred. He argues that the one-year period provided for habeas petitions under the Anti-Terrorism and Effective Death Penalty Act of 1996 began to run on June 13, 2000, instead of on November 17, 1999, the date identified by Judge Wells. Obj. to Report & Recommendation 4, Aug. 8, 2007 (doc. no. 19). Even assuming for the sake of argument that petitioner is correct as to the start date of the one-year time period, his petition is still time-barred.

    If the one-year period began on June 13, 2000, it expired on June 13, 2001. Petitioner does not qualify for statutory or equitable tolling. 28 U.S.C. § 2244(d)(2) provides that "the time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." This tolling provision does

---

not apply. Although Phillips's PCRA petition was pending between 2001 and 2005, it was ultimately dismissed as untimely and therefore does not trigger § 2244(d)(2)'s tolling provision. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

      Nor is Phillips entitled to equitable tolling of the one-year period. Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." Merrit v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). To qualify for equitable tolling, Phillips must show, first, the existence of extraordinary circumstances that prevented him from asserting his rights, and second, that he exerted reasonable diligence in investigating and bringing his claims. Phillips has not shown either.

      Phillips argues that he is entitled to equitable tolling because his trial attorney erred in dealing with his post-trial motion. Phillips was sentenced on May 14, 1999. A post-trial motion was filed on his behalf on May 20, 1999; the motion was denied by operation of law on October 18, 1999. At some point between May 20, 1999 and October 18, 1999, Phillips was extradited to Connecticut to begin serving an unrelated sentence there. Apparently, Phillips did not learn of the denial of his post-trial motion until June 13, 2000 when he was contacted in Connecticut by his trial attorney. Phillips argues that his attorney's failure to contact him sooner constitutes extraordinary circumstances that warrant equitable tolling. Even if this were true, the tolling period would end on June 13, 2000 when his attorney reached him in Connecticut. Phillips has made no showing of extraordinary circumstances following June 13, 2000 that prevented him from filing a habeas petition in the one-year period before June 13, 2001. Therefore, his petition, which was filed on January 30, 2007, is time-barred.

      3.    The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;

      4.    There is no probable cause to issue a Certificate of Appealability.[2]

**AND IT IS SO ORDERED.**

      S/Eduardo C. Robreno

      **EDUARDO C. ROBRENO, J.**

---

[2] A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No basis for a certificate of appealability exists in this case, as the petitioner is unable to meet this standard.